IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

UNITED STATES OF AMERICA

VS.                                        CRIMINAL ACTION NO. 3:04CR189TSL-JCS

JOSEPH W. BRAME

MEMORANDUM OPINION AND ORDER

This cause is before the court on the appeal of defendant Joseph W. Brame.  Having reviewed the record in this case, the court concludes that the magistrate judge's decision denying defendant's motion brought pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure should be affirmed.

On October 5, 2004, Brame, having been arrested on the Natchez Trace Parkway and charged with a violation of 36 C.F.R. § 4.23, Driving Under the Influence, entered a guilty plea pursuant to an agreement with the government.[1]  Twenty days later, on October 25, 2004, Brame filed a motion to correct or reduce sentence pursuant to Federal Rule of Criminal Procedure 35(a) and 18 U.S.C. § 3742.[2]  By his motion, Brame urged that because § 4.23 does not "make a legal distinction between successive violations of the statute," the judgment, as entered, erroneously reflected that he was convicted of

---

[1] A second charge under 36 C.F.R. § 4.23, refusal to submit to a breath test, was dismissed on the government's motion.

[2] This section sets forth criteria for review of a sentence on appeal and would not seem to be pertinent to the magistrate judge's reconsideration of the sentence that he imposed.

"DUI(2nd)." According to the motion, the erroneous judgment had been forwarded to state officials, and as a result, he had been subjected to additional punishment. Brame further complained that the judgment failed to indicate the count charging him with DUI test-refusal had been dismissed, subjecting him to an additional two-year suspension of his driver's license. On December 14, 2004, the magistrate judge denied the motion.

On December 27, 2004, Brame filed his "Notice of Appeal and Designation of Record Pursuant to FRCRP 35(A) and 18 U.S.C. § 3742." By this notice, Brame purports to appeal to the district court the December 14, 2004 "judgment.". The notice further purports to designate as the record the entire case file, all evidence introduced at his plea hearing and the judgment of conviction and sentencing order. In his appeal brief, Brame initially reiterates the argument made to the magistrate judge. He further argues that the additional punishment caused by the incorrect judgment violates his due process rights, as well as his rights to a full and fair trial under the Fifth and Sixth Amendments. Finally, citing United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), he contends that he can only be sentenced to the crime for which he was charged and thus, that the magistrate judge impermissibly enhanced his sentence.

Regarding misdemeanor offenses, Rule 58 of the Federal Rules of Criminal Procedure provides that "[t]hese rules apply in petty offense and other misdemeanor cases and on appeal to a district judge in a case tried by a magistrate judge, unless this rule provides otherwise." Under Rule 58(g)(2)(A),

> Either party may appeal an order of a magistrate judge to a district judge within 10 days of its entry if a district judge's order could similarly be appealed. The party appealing must file a notice with the clerk specifying the order being appealed and

2

must serve a copy on the adverse party."[3]

The scope of this court's review is "the same as in an appeal to the court of appeals from a judgment entered by a district judge." Fed. R. Crim. P. 58(d).

Here, Brame entered a timely notice of appeal of the magistrate judge's order denying his motion for relief pursuant to Rule 35(a). See Fed. R. Crim. P. 45(a) (setting forth, inter alia, rules for computing any period of time specified in Federal Rules of Criminal Procedure). While an order denying relief pursuant to Rule 35(a) is appealable, see, e.g. United States v. Basey, 2006 WL 1722484, *1 (5th Cir. June 15, 2006) (reviewing a decision denying relief under current Rule 35(a)), it is clear that the magistrate judge did not err in denying the motion. Rule 35(a) provides that "within 7 days after the sentencing, the court may correct a sentence that resulted from arithmetical, or other clear error." (emphasis added). As this seven-day period is jurisdictional, United States v. Gonzalez, 163 F.3d 255, 263 (5th Cir. 1998),[4] the magistrate judge correctly denied Brame's motion which was filed almost three weeks after the entry of judgment.

Accordingly, it is ordered that the magistrate judge's decision is affirmed.

SO ORDERED, this the 15th day of November, 2006.

---

[3] Under Rule 58(g)(2)(B), "[a] defendant may appeal a magistrate judge's judgment of conviction or sentence to a district judge within 10 days of its entry. To appeal, the defendant must file a notice with the clerk specifying the judgment being appealed and must serve a copy on an attorney for the government." It does not appear that Brame is purporting to appeal the judgment of conviction, and to the extent that he is, it is clear that his notice of appeal was untimely.

[4] At the time of the Gonazalez decision, the substance of the current Rule 35(a) was set forth in Rule 35(c). The Rule was amended in 2002.

                                            /s/ Tom S. Lee  
                                             UNITED STATES DISTRICT JUDGE